IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL JEROME HATCHETT, | No. C 15-2959 WHA (PR) |
| Petitioner, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| TERRI GONZALEZ; JOHN SOTO, | (Dkt. 16, 20, 21, 23, 29) |
| Respondents. | |

## INTRODUCTION

This is a habeas case brought pro se by a state prisoner under 28 U.S.C. 2254 challenging his sentence in state court. Respondent has filed a motion to dismiss the petition as untimely. Petitioner has filed an opposition and respondent has filed a reply brief. The motion is **GRANTED** and the case is **DISMISSED**.

## STATEMENT

The following background is not in dispute: In 2000, petitioner was convicted in Monterey County Superior Court of sodomy by force, forcible oral copulation, and possession of a deadly weapon by a prisoner. He was also found to have inflicted great bodily injury, used a dangerous weapon, and been previously convicted of a serious felony (murder). The California Court of Appeal affirmed the conviction, but remanded the case to the trial court for re-sentencing. The California Supreme Court denied a petition for review on November 14, 2001. The trial court re-sentenced petitioner to a term of 55 years to life in state prison. The California Court of Appeal modified and affirmed the judgment as modified on May 6, 2003, and petitioner did not appeal that decision to the California Supreme Court.

1   Petitioner indicates in his petition that he filed habeas petitions concerning this
2   conviction in the superior court (case number HC8409), the California Court of Appeal (case
3   number H042050), and the California Supreme Court (case number S225023) (*see* Pet. 3-4).
4   The docket for Monterey County Superior Court that case number HC8409 was filed on
5   January 16, 2015. The docket for the California Court of Appeal (Sixth District) indicates that
6   petition number H042050 filed on March 6, 2015, and denied on May 19, 2015. The docket for
7   the California Supreme Court indicates that petition number S225023 was filed on March 12,
8   2015, and denied on May 20, 2015. He then filed the instant federal petition on June 9, 2015.

**ANALYSIS**

10   The statute of limitations is codified at 28 U.S.C. 2244(d). Petitions filed by prisoners
11   challenging non-capital state convictions or sentences must be filed within one year of the latest
12   of the date on which: (A) the judgment became final after the conclusion of direct review or the
13   time passed for seeking direct review; (B) an impediment to filing an application created by
14   unconstitutional state action was removed, if such action prevented petitioner from filing; (C)
15   the constitutional right asserted was recognized by the Supreme Court, if the right was newly
16   recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the
17   factual predicate of the claim could have been discovered through the exercise of due diligence.
18   28 U.S.C. 2244(d)(1). Time during which a properly filed application for state post-conviction
19   or other collateral review is pending is excluded from the one-year time limit. 28 U.S.C.
20   2244(d)(2).

21   Petitioner's judgment became final under Section 2244(d)(1)(A) on June 12, 2003 — 40
22   days after the California Court of Appeal affirmed the judgment following remand — because
23   that is when the time to file a petition for review of the Court of Appeal's decision expired. *See*
24   Cal. R. Ct. 8.264, 8.500(e). The limitations period began running the next day and expired one
25   year later, on June 13, 2004. Under the "mailbox rule" the instant petition is deemed filed on
26   the day it was signed — May 20, 2015 — nearly eleven years too late. Petitioner's first state
27   habeas petition was filed in January 2015, over ten years after the limitations period had already
28   expired, and thus his state habeas petitions do not toll the limitations period under Section

2

1  2244(d)(2).  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that once
2  AEDPA's limitations period has run, a state habeas petition cannot revive it).

3  Petitioner does not argue that he is entitled to equitable tolling, nor are there any
4  allegations or facts in the papers that suggest equitable tolling is warranted.  *See Holland v.
5  Florida*, 130 S. Ct. 2549, 2562 (2010) (equitable tolling is warranted if prisoner shows that he
6  has been pursuing his rights diligently, and that some extraordinary circumstance stood in his
7  way and prevented timely filing).  In addition, the untimeliness of the petition is not excused
8  based upon "actual innocence," *see Lee v. Lampert*, 653 F.3d 929, 931 (9th Cir. 2011) (en
9  banc).  He argues that he is factually innocent of his prior convictions for drug possession and
10 murder, the latter of which was the basis for his five-year sentence enhancement.  Even if he
11 were innocent of murder, he would not be innocent of having been *convicted* of murder, which
12 is all that his sentence enhancement required.  Petitioner also argues that his petition is timely
13 because California's Proposition 47 — which reduced certain drug offenses from felonies to
14 misdemeanors — is a new law (passed in 2014).  He claims that Proposition 47 makes him
15 innocent of his sentence enhancement for having a prior felony conviction.  As noted, however,
16 his sentence enhancement was based upon his prior conviction for murder, not drug possession
17 (Resp. Exh. A at 1; Exh. C at 2).  Therefore, the passage of Proposition 47 did not affect the
18 viability of his sentence enhancement, nor did it delay his ability to challenge his sentence
19 enhancement in a federal habeas petition.

20 Petitioner has failed to show any reason to excuse the untimeliness of his petition or
21 delay the commencement of the limitations period.  Accordingly, respondent's motion to
22 dismiss the petition as untimely must be granted.  In light of this conclusion, petitioner's
23 motions for release on bail and for a hearing must be denied as moot.  His motion to grant the
24 writ based on respondent's failure to prosecute must also be denied because respondent's
25 motion to dismiss was a proper response to the order to show cause.  Petitioner also filed a
26 motion to add a new claim (dkt.16) that he is innocent of his sentence enhancement under
27 Proposition 47.  That claim was already raised in the instant petition.

28

**CONCLUSION**

For the foregoing reasons, respondent's motion to dismiss (dkt. 20) is **GRANTED** and the petition is **DISMISSED**. Petitioner's motions for bail, a hearing, to grant the writ and to add a new claim are **DENIED** (dkt. 16, 21, 23, 29)**.**

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. Petitioner has failed to make a substantial showing that a reasonable jurist would find the dismissal of his petition debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: February __8__, 2016.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE